U.S. DISTRICT COURT
ESTERN DISTRICT OF LOUISIA
RECEIVED

OCT - 2 2015

TONY R. MOORE, CLERK
BY _____
                    DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MAXUM INDEMNITY CO.** | **CIVIL ACTION NO. 14-1796** |
| **-vs-** | **JUDGE DRELL** |
| **NATCHITOCHES TOUR COMPANY, LLC, ROSS N. WELLS, DAWN P. WELLS, BOBBYE WELLS and MYRANDA ADKINS** | **MAGISTRATE JUDGE KIRK** |

### MEMORANDUM RULING

Before the court is a motion for summary judgment (Doc. 20) filed by plaintiff Maxum Indemnity Company ("Plaintiff" or "Maxum") in the above-captioned declaratory relief action.  For the reasons expressed below, the court finds that the instant motion should be granted.

I.    **BACKGROUND**

    A.    <u>Relevant Facts</u>

Maxum issued a commercial general liability policy to defendant Natchitoches Tour Company ("NTC") under Policy No. BDG 0058906-01 for the period August 20, 2011 to August 20, 2012 ("Policy").[1]  Defendant Myranda Adkins ("Adkins") filed suit against NTC on or about April 1, 2013 in the State of Louisiana Office of Workers' Compensation ("OWC"), alleging injuries arising out of a workplace accident that

---

[1]Complaint [Doc. 1] at ¶ VI; Exhibit A to Motion [Doc. 20-3].

occurred in April of 2012.[2]  Specifically, Adkins alleged that, while employed by NTC, she fell from a runaway horse drawn carriage on East Fifth Street in Natchitoches, Louisiana.[3]  On August 26, 2013, the OWC rendered judgment in Adkins' favor for the payment of $45,884.38 in medical bills, approximately $18,703 in indemnity benefits, $9,506 in statutory benefits, $12,000 in attorney fees, plus legal interest and court costs.[4] NTC did not appeal this judgment.

Based on her assertion that NTC failed to pay the OWC judgment rendered in her favor, Adkins filed a Petition to Make Judgment Executory, to Examine Judgment Debtor and Petition for Damages in the Tenth Judicial District Court for the Parish of Natchitoches, State of Louisiana on or about April 11, 2014.[5]  The Petition alleges that Adkins sustained injuries during the course and scope of her employment with NTC due to a faulty brake system in the horse drawn carriage, about which NTC was aware prior to the accident.[6]

On April 15, 2014, a Judgment was issued by the 10th Judicial District Court making the OWC Judgment executory and further ordering defendants Ross N. Wells, Dawn P. Wells and Bobbye Wells to appear for judgment debtor examination.[7]  On May 1, 2014, NTC, by and through its attorney of record, made demand upon Maxum for

---

[2]Complaint [Doc. 1] at ¶ VII; Exhibit B to Motion [Doc. 20-4].

[3]Complaint [Doc. 1] at ¶ VIII; Exhibit C to Motion [Doc. 20-5].

[4]Exhibit B to Motion [Doc. 20-4].

[5]Exhibit C to Motion [Doc. 20-5].

[6]Id.

[7]Exhibit D to Motion [Doc. 20-6].

defense and indemnification against the Petition.[8]

Maxum filed the instant declaratory judgment action on June 23, 2014 and now moves the court for summary judgment declaring the rights of the parties under the Policy at issue.  This motion is unopposed, expressly by Adkins[9] and by absence of opposition by NTC, Ross N. Wells, Dawn P. Wells and Bobbye Wells.

B.    Applicable Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[10] We consider "all evidence in the light most favorable to the party resisting the motion."[11] It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

A movant's burden persists even when a motion for summary judgment is unopposed.  Summary judgment may not be granted only on the basis that a motion is unopposed.  The court must still satisfy itself that no genuine issue of material fact exists

---

[8]Exhibit E to Motion [Doc. 20-7].

[9]Doc. 23.

[10]See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[11]Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011)(internal quotations omitted).

as would preclude judgment for the moving party.[12]

## II.   ANALYSIS

A.   <u>Workers' Compensation Coverage Exclusion</u>

Maxum's motion first asserts that the Policy excludes coverage in this matter based on the Policy's Workers' Compensation and Similar Laws exclusion, which provides:

> 2.   Exclusions
>
> This insurance does not apply to:
>
> *          *          *
>
> b.   Contractual Liability
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> (1)   That the insured would have in the absence of the contract or agreement; or
>
> (2)   Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assume din an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property

_____

[12]<u>Hibernia Nat. Bank v. Administration Cent. Sociedad Anonima</u>, 776 F.2d 1277, 1279 (5th Cir. 1985).

4

damage", provided:

    (a)    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract", and

    (b)    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

        *        *        *

    d.    Workers' Compensation And Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.[13]

By judgment of the OWC dated August 26, 2013, the insured, NTC, became obligated to pay sums totaling approximately $86,000.00 under applicable Louisiana workers' compensation law.[14] The court finds no ambiguity in the language of the Policy or the application of the OWC Judgment to the Policy exclusion.[15] Accordingly, we conclude that no defense or indemnity is owed by Maxum to NTC, Ross N. Wells, Dawn P. Wells or Bobbye Wells regarding the OWC Judgment under the Policy issued by Maxum in favor of NTC.

---

[13]Policy [Doc. 20-3] at p. 13.

[14]OWC Judgment dated August 26, 2013 [Doc. 20-4].

[15]Cadwallader v. Allstate Ins. Co., 848 So.2d 577, 580 (La. 2003) citing Succession of Fannaly v. Lafayette Ins. Co., 805 So.2d 1134, 1137 (La. 2002) and Louisiana Ins. Guar. Ass'n. v. Interstate Fire & Cas. Co., 630 So.2d 759, 764 (La. 1994).

B.    <u>Employer's Liability Exclusion</u>

       Maxum's motion next asserts that coverage is precluded by the Policy's "Employer's Liability" exclusion, which provides that:

2.     Exclusions

This insurance does not apply to:

e.     Employer's Liability

"Bodily injury" to:

(1)    An "employee"[16] of the Insured arising out of and in the course of:

(a)    Employment by the Insured; or

(b)    Performing duties related to the conduct of the Insured's business; or

(2)    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the Insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay "damages" because of the injury.

This injury does not apply to liability assumed by the Insured under an "insured contract".[17]

---

[16]The Policy defines "employee" as including a "'leased worker'...[but] not a 'temporary worker'." Doc. 20-3 at p. 24.

[17]Policy [Doc. 20-3] at p. 13.

6

As argued by Maxum, Adkins' state court Petition asserts that she was employed by NTC "at all relevant times" and was so employed on April 7, 2012 when she fell from the horse drawn carriage.[18] The Petition further alleges that Adkins was engaged in the "course and scope of her employment with NTC when she fell from the run away horse drawn carriage that she was driving as part of her...employment duties..."[19]  The Policy's declarations sheet names NTC as the "Named Insured" and specifies "carriage rides" under "Business Description[.]"[20]

The court finds no ambiguity in the Policy's exclusion, nor in the application of the exclusion to the facts before us.  We find no evidence before us to controvert Adkins' assertion that she was an NTC employee performing employment duties at the time of her injury on April 7, 2012.  Accordingly, applying the Policy as plainly written, we find the Employer's Liability Exclusion precludes coverage for any sums which may be owed by NTC to Adkins arising out of her injury on April 7, 2012, sustained in the course and scope of her NTC employment.

C.    Exclusion - Pack, Draft or Saddle Animals

Maxum's motion asserts the applicability also of the Policy's endorsement [E656(1/1/2009)], which provides:

> This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" and we shall have no obligation to indemnify or defend any insured for "bodily injury,"

---

[18]Doc. 20-5 at ¶ 3.  We note that Adkins' status as an employee is not disputed before this court.

[19]Id.

[20]Doc. 20-3 at p. 3.

> "property damage," or "personal and advertising injury"
> arising out of the use of pack, draft or saddle animals.[21]

Maxum points, again, to the allegations of Adkins' state court Petition, uncontroverted before this court, that Adkins was driving a horse drawn carriage which became uncontrolled, resulting in bodily injuries.  Maxum asserts - and this court agrees - that the plain language of the endorsement excludes coverage for the occurrence of April 7, 2012 giving rise to the OWC and district court Judgments. Maxum cites Webster's College Dictionary's definition of the term "draft" as "an animal or team of animals used to pull a load."[22]  We agree that the language of the endorsement is sufficiently clear in its inclusion of animals such as horses pulling a carriage.

We also note that, to the extent that Adkins' state court Petition remains pending on the basis of her related tort claims, the instant endorsement would also bar coverage for those claims as well, as they clearly arise out of the use of "pack, draft or saddle animals." Given these findings, we consider this endorsement an additional basis for summary judgment in Maxum's favor on the issue of coverage in this case.

D.    Designated Premises or Project Endorsement

Endorsement CG 21 44 07 98 states that

> This insurance applies only to "bodily injury", "property
> damage", "personal and advertising injury" and medical
> expenses arising out of:

---

[21]Id. at p. 57.

[22]Doc. 20-2 at p. 19.

8

1.   The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2.   The project shown in the Schedule.[23]

The Schedule lists the applicable "Premises" as "354 Kayla Dr., Natchitoches, LA 71457[.]"[24]

Maxum asserts that, because Adkins' injuries occurred on East Fifth Street in Natchitoches, rather than at the insured Premises, this endorsement presents yet another bar to coverage.  While it is clear to the court that Adkins does not allege that her injuries were sustained at the insured Premises, we do not find that we have adequate evidence before us at this time to determine the applicability of this endorsement to the facts of this case.  For this reason, we do not consider this endorsement a basis for our grant of summary judgment in favor of Maxum.

D.   Duties In the Event of Occurrence, Offense, Claim or Suit

Plaintiff's motion asserts that NTC's failure to notify timely Maxum of Adkins' workplace injury in April of 2012 constitutes an additional basis for summary judgment under the Policy at issue.

Section IV 2.a. states:

You must see to it that we are notified as soon as practicable

---

[23]Doc. 20-3 at p. 34.

[24]Id.

9

of an "occurrence"[25] or an offense which may result in a claim.  To the extent possible, notice should include:

(1)    How, when and where the "occurrence" or offense took place;

(2)    The names and addresses of any injured persons and witnesses; and

(3)    The nature and location of any injury and damage arising out of the "occurrence" or offense.[26]

Where, as here, prompt notice by the insured of an occurrence is not a condition precedent to liability, the insurer must demonstrate that it was sufficiently prejudiced by the insured's late notice.[27]  Maxum alleges that it was prejudiced in this case by NTC's failure to notify it of Adkins' injury.  Maxum asserts that it had no opportunity to investigate or defend itself in this matter until after the OWC Judgment and 10th Judicial District Court Executory Judgment were issued.

While we do agree that NTC failed to act reasonably to notify Maxum of a potential claim in this case, we do not find that Maxum has shown any actual prejudice under the particular facts before us.  As discussed above, this matter involves a workplace injury subject to at least three clear (3) policy exclusions.  Maxum's efforts in filing this declaratory relief action are not shown to be any more arduous than if NTC had notified it of Adkins' injury on April 7, 2012.  Thus, we find no actual prejudice to Maxum resulting from NTC's neglect of the Policy's notice requirement.  Maxum's

---

[25]The Policy defines "occurrence" as "...an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Doc. 20-3 at p. 25.

[26]Id. at p. 22.

[27]Peavey Co. V. M/V ANPA, 971 F.2d 1168, 1173 (5th Cir. 1992) (internal citations omitted).

motion will be denied on this basis.

## III.   CONCLUSION

As explained above, the court finds that the Policy issued by Maxum in favor of NTC contains at least three (3) provisions which act as a bar to coverage in this case: (1) the Employer's Liability Exclusion; (2) the Workers' Compensation and Similar Laws Exclusion; and (3) the Duties In the Event of Occurrence, Offense, Claim or Suit provision.  Accordingly, we find that Maxum's instant motion for summary judgment should be granted and that judgment declaring that no coverage, defense or indemnity under the Policy at issue is owed by Maxum to NTC, its insured, in this case.

Given these findings, the pretrial conference currently set for October 14, 2015 in this case will be cancelled.

Alexandria, Louisiana
October ___, 2015

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

11